[L. A. No. 3768.   Department One.—May 7, 1917.]

## PAUL DYNES, Appellant, v. BEKINS VAN AND STORAGE COMPANY, Respondent.

NEW TRIAL—ORDER GRANTING—AFFIRMANCE ON APPEAL.—An order granting a new trial will be affirmed if it can be justified on any ground made by the statute the subject of a motion for new trial, provided such ground be properly specified in the notice of intention to move for new trial and in the specifications of error or insufficiency of the evidence in the statement or bill of exceptions on which the motion is heard.

ID.—INSUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.—The trial judge should set aside the verdict whenever he is not satisfied with it on the evidence, and his order in that regard will not be disturbed on appeal if the evidence is substantially conflicting.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.   George E. Church, Judge Presiding.

The facts are stated in the opinion of the court.

Earle & McLaughlin, and Williams, Goudge & Chandler, for Appellant.

Collier & Clark, and Jones & Evans, for Respondent.

SHAW, J.—The plaintiff appeals from an order granting the motion of the defendant for a new trial.

The action was to recover the sum of three thousand dollars as damages caused by the destruction of the plaintiff's goods by fire while they were stored in a warehouse belonging to the defendant.   It is alleged that the plaintiff shipped the goods to the defendant and was informed by defendant that they had been received and were stored in a fireproof warehouse in Los Angeles, and that defendant agreed to store the same in said fireproof warehouse until wanted by the plaintiff; that afterward plaintiff demanded of the defendant the possession of said goods, but defendant neglected and refused to return the same, and converted the same to its own use.   In a second count plaintiff alleges that while the property was in the possession of the defendant for storage, defendant informed

plaintiff that the goods were perfectly safe and stored in a fireproof warehouse in Los Angeles, and that plaintiff relied upon said representations and agreed to allow the goods to remain in the possession of the defendant and paid the storage charges therefor; that the said warehouse was not fireproof, and that while the said goods were stored therein they were totally destroyed by fire, and that defendant failed and neglected to store said goods in a fireproof warehouse. The defendant denied that it agreed to store the goods in a fireproof warehouse or that it received storage charges for storage of that character. It further denied that plaintiff was informed by defendant that the goods had been received by defendant and stored in a fireproof warehouse, or that the defendant undertook or agreed to do so, or that by reason of any failure to store the same in a fireproof warehouse the goods were lost or destroyed. It will be observed that there was no charge in the complaint that the fire which destroyed the goods was caused by the negligence of the defendant, or by its failure to take due care of the goods, except in so far as it may be implied from the fact that it did not store the same in a fireproof warehouse. The case was tried by a jury, a verdict of three thousand dollars damages in favor of plaintiff was returned, and judgment given accordingly.

Defendant's motion for new trial was based on various grounds, including the ground that the verdict was contrary to the evidence, and, specifically, that there was no evidence of any contract to store the goods in a fireproof warehouse, or of any representations that the same had been or were stored in such warehouse. "It is only necessary to discover whether any of the grounds are sufficient, for the rule is well settled that the order granting a new trial will be affirmed if it can be justified on any ground made by the statute the subject of a motion for new trial." (*Churchill* v. *Flournoy,* 127 Cal. 355, 361, [59 Pac. 791].) It should be added, of course, that such ground must be properly specified in the notice of intention to move for new trial and in the specifications of error or insufficiency of the evidence in the statement or bill of exceptions on which the motion is heard. We deem it unnecessary to consider the matter at further length. A perusal of the evidence on the issues above stated shows that it is decidedly and substantially conflicting. Under these circumstances "the judge should set aside the verdict whenever he

is not satisfied with it on the evidence and his order in that regard will not be disturbed on appeal if the evidence is substantially conflicting.'' (*Curtiss* v. *Starr*, 85 Cal. 376, [24 Pac. 806]; *Condee* v. *Gyger*, 126 Cal. 546, [59 Pac. 26].)

The order is affirmed.

Lawlor, J., and Sloss, J., concurred.