[Civ. No. 16992. First Dist., Div. One. Nov. 30, 1956.]

LOUIS E. WEXLER et al., Appellants, v. JOSEPH
GOLDSTEIN, Respondent.

Louis E. Wexler, David D. Wexler and Wexler & Wexler in pro. per., for Appellants.

Dodd M. McRae for Respondent.

AGEE, J. pro tem.*—This action was originally commenced in the municipal court to recover a money judgment for legal services rendered to defendant by plaintiffs, who are attorneys. Defendant cross-complained for an amount in excess of $3,000. The municipal court thereupon properly transferred the action to the superior court. (Code Civ. Proc., § 396, par. 2.) In due course, defendant filed a second amended cross-complaint, containing two counts. The first count sought a money judgment for $220.91. The second count was for punitive damages in the amount of $4,000. Plaintiffs' general demurrer to this second count was sustained, with 10 days' leave to amend upon notice. Such notice was given on October 28, 1954. Defendant never took any action to amend his second count. Plaintiffs filed an answer to the first count of the cross-complaint. Defendant, having apparently abandoned his second count, then moved to transfer the action back to the municipal court on the ground that the issues as now framed by the pleadings were within the exclusive jurisdiction of that court. This motion was denied and the action went to trial before the superior court, sitting without a jury, on April 26, 1955. Judgment was rendered on June 16, 1955, in favor of plaintiffs for $1,584.43. Defendant moved for a new trial. On July 29, 1955, while this motion was pending, the court made a nunc pro tunc order, as of April 26, 1955, dismissing the second

---

*Assigned by Chairman of Judicial Council.

count of the defendant's cross-complaint for his failure to amend. On August 1, 1955, the court made an order granting a new trial and an order remanding the action to the municipal court. Plaintiffs appeal from both orders.

The trial judge in his order of August 1, 1955, granting the new trial stated the ground upon which the new trial was being granted to be as follows: "The Court is convinced that it was without jurisdiction to try the above-entitled cause, when no action had been taken after an Order had been made, sustaining the Demurrer to the second cause of action. Therefore the Motion for New Trial is granted." The next paragraph of his order recites the request of plaintiffs for an order of dismissal of the second count of the cross-complaint nunc pro tunc as of April 26, 1955, and concludes as follows: "We . . . *have* signed such an order nunc pro tunc." (Emphasis added.) Defendant contends that the trial court must have first granted the new trial on the ground stated and then ordered the *nunc pro tunc* dismissal. Thus, defendant argues, the error in trying the case when it was not at issue as to the second count of the cross-complaint had not been cured at the moment when the ruling on the motion for a new trial was made. We think defendant is in error for two reasons. First, the order of dismissal is dated July 29, 1955, whereas the order granting a new trial is dated August 1, 1955. Second, the order of August 1, 1955, recites that "We . . . *have* signed such an order [of dismissal] nunc pro tunc."

A *nunc pro tunc* order is a retroactive entry by the court. It is effective at the date which the court states it is to be effective, not at the date it was made. It is an exercise of inherent power of the court for the purpose of doing justice between the parties. (*Leavitt* v. *Gibson*, 3 Cal.2d 90, 103 [43 P.2d 1091].) The order in question was made effective as of April 26, 1955, the date of the trial. The legal effect of such order was to dispose of the issues raised by the second count of the cross-complaint as of that date. Hence, the stated ground upon which the new trial was granted did not then exist.

The propriety of the *nunc pro tunc* order in the situation involved herein is apparent and, indeed, is not questioned by either side. The case was a simple one between two attorneys and their former client to determine how much was owed by whom. A judgment was rendered after a trial on the merits. Defendant had failed for a period of months

to amend his second count and had asked the superior court to transfer the action back to the municipal court on the stated ground "that the issues framed by the pleadings in said matter are without jurisdiction of said Superior Court and exclusively within the jurisdiction of the Municipal Court." In a memorandum decision following the trial the trial court made this statement: "The record shows that the Defendant caused this matter to be transferred from the Municipal Court to Superior Court by the filing of a Cross-complaint which was not urged, even on a trial or on Defendant's brief; and we therefore conclude that the filing of said Cross-complaint was merely a maneuver to bring a Municipal Court case into the Superior Court and, for that reason, costs will be allowed Plaintiffs." Under the circumstances, the order of July 29, 1955, dismissing said second count as of April 26, 1955, exemplifies the proper exercise of the inherent power of a court to make *nunc pro tunc* orders for the purpose of doing justice. The order corrected the record so as to reflect the true state of the pleadings at the time of trial and the trial court was in error in basing its order granting a new trial upon the ground stated.

However, an appellate court is not confined to a consideration of the ground upon which the trial court orders a new trial. We will affirm the order if upon the whole record it appears that a new trial should be had and if the ground upon which the order is sustainable was properly specified in the notice of intention to move for a new trial. (4 Cal.Jur.2d, § 539, p. 393; *Dynes* v. *Bekins Van & Storage Co.*, 175 Cal. 72, 73 [165 P. 12].)

One of the specifications of error in the defendant's motion for a new trial is that the trial court was without jurisdiction to hear or determine the case. This requires a consideration of whether the superior court was divested of jurisdiction by the dismissal of the defendant's second count of the cross-complaint.

The second paragraph of section 396 of the Code of Civil Procedure provides as follows: "If an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject matter thereof as determined by the complaint or petition, and it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action or proceeding, or of a counterclaim, or of a cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the

action or proceeding is pending, the court, whenever such lack of jurisdiction appears *must* suspend all further proceedings therein and transfer the action or proceeding . . . to a court having jurisdiction thereof. . . .'' (Emphasis added.)

 The plain meaning of this paragraph, standing alone, is that if at any time, up to and *including* the trial, the court in which the action is then pending finds that its decision on the action will necessarily involve a determination of a question not within its jurisdiction, it *must* transfer the action to a court having jurisdiction.

It is this provision that made it mandatory upon the municipal court to transfer the action to the superior court upon the filing of the cross-complaint for more than $3,000. The superior court was of the opinion that it was divested of jurisdiction and likewise *required* to transfer the action back to the municipal court when the cross-complaint was reduced to $220.91. This is apparent from its order of August 1, 1955, in which, after referring to its *nunc pro tunc* order, it was stated: ''Therefore it *now* appears, from the pleadings, that the Superior Court has no jurisdiction to try this cause, and pursuant to Section 396 C.C.P., all further proceedings in Superior Court are ordered suspended and on the Court's own Motion, the matter is remanded to the Municipal Court of the Central Judicial District of San Mateo County for further proceedings.'' (Emphasis added.)

The superior court is not under the same disability as the municipal court. The fifth paragraph of section 396 provides: ''Nothing herein shall be construed to *require* the *superior court* to transfer any action or proceeding because the judgment to be rendered, as determined at the trial or hearing, is one which might have been rendered by a municipal or justice court in the same county or city and county.'' (Emphasis added.) The effect of this paragraph is to qualify the second paragraph of section 396 as to superior courts only. It gives such courts the discretion either to transfer back to the municipal courts or retain jurisdiction where what otherwise would be a lack of jurisdiction is ''determined at the trial or hearing.'' The dictum to the contrary, in *Keenan* v. *Dean,* 134 Cal.App.2d 189, at 192 [285 P.2d 300], is hereby disapproved.

 The next question is whether the order dismissing the second count of the cross-complaint was a part of the trial within the meaning of said fifth paragraph. Up until the dismissal of the second count, defendant could have filed an

amendment thereto and thus kept it alive. The determination which caused it to be no longer a pleading in the case was the *nunc pro tunc* order of dismissal. The legal situation then became the same as though the plaintiffs had actually moved, at the start of the trial, to have such count dismissed for failure to amend. It would thus follow that the first time it appeared that the judgment to be rendered was within the jurisdiction of the municipal court was when the superior court "determined at the trial" to dismiss the second count. This being so, the superior court had the right to either transfer the cause back to the municipal court or go ahead and complete the trial. The trial was completed and a judgment rendered upon the merits. Thus, the very object of the fifth paragraph of section 396 was achieved.

The only other possible ground suggested by respondent which would support the granting of a new trial is that the trial court failed to make findings upon the issues raised by the cross-complaint and failed to render a judgment upon the cross-complaint.

█ The finding as to the cross-complaint was as follows: "Except as otherwise hereinabove specifically found, all of the allegations of the Amended Complaint and the Answer to the Second Amended Cross-Complaint are true, and none of the allegations of the Answer and the Second Amended Cross-Complaint are true." This is a sufficient finding. (See *Petersen* v. *Murphy,* 59 Cal.App.2d 528, 533 [139 P.2d 49], and authorities therein cited.) It should also be pointed out that the entire transaction involved in this litigation concerned the collection of money from one certain business concern and the amount of the fees to which plaintiffs were entitled in connection with their legal services rendered in connection therewith. Detailed findings as to the entire transaction were made in response to the issues raised by the amended complaint and the defendant's answer thereto and such detail was not required to be repeated in the findings as to the cross-complaint.

Likewise there is no merit to the contention that a separate reference should have been made in the judgment as to the cross-complaint. It clearly appears from the findings that the trial court was denying a recovery under the cross-complaint and that any error in the judgment for not including a specific reference to the cross-complaint was not prejudicial to defendant. (*Petersen* v. *Murphy, supra.*)

We conclude that there was no proper ground for the granting of a new trial and that the order doing so should be and is hereby reversed. The judgment in favor of plaintiffs being thereby left undisturbed, there remains nothing to remand to the municipal court and the order doing so is likewise reversed.

Wood (Fred B.), J., concurred.

PETERS, P. J.—I concur.

I agree that under the circumstances here involved the superior court did not lose jurisdiction of the controversy when it dismissed the second count of the cross-complaint, but had discretion, under the fifth paragraph of section 396 of the Code of Civil Procedure, to retain jurisdiction if it so desired. This discretion was exercised in favor of retaining jurisdiction at the time of trial.

In the case of *Keenan* v. *Dean,* 134 Cal.App.2d 189 [285 P.2d 300], which involved an entirely different question, at page 192 there is a dictum to the effect that under the circumstances here involved the superior court lost jurisdiction of the controversy except to transfer it back to the municipal court. The majority opinion in the instant case disapproves of that dictum. Inasmuch as I wrote the Keenan case for this court, I think it proper to state that upon further consideration of what I said in the Keenan case on this point I am convinced that the dictum is wrong and should be overruled for the reasons and upon the grounds set forth in the majority opinion.

The conclusion of the majority is supported not only by a reasonable and proper interpretation of the pertinent provision of section 396 of the Code of Civil Procedure, but also by a consideration of what would be the effect of a contrary interpretation. Under the section, the plaintiff chooses his court when he files the complaint in the municipal court. When the defendant files a cross-complaint beyond the monetary jurisdiction of that court it is clearly provided that the cause must be transferred to the superior court. This is so whether the cross-complaint does or does not state a cause of action. The determination of that question is left to the superior court. If the superior court decides that the cross-complaint does not state a cause of action, or is sham, or the defendant dismisses his cross-complaint, at least when the judgment so declaring is entered at the time of trial, the

superior court is given discretion to transfer the cause back to the municipal court or to retain jurisdiction of it. Any other rule would permit a defendant to file a cross-complaint and thus get the case transferred to the superior court, and then, when he discovered what judge was going to try the case, to dismiss the cross-complaint and get the action retransferred to the municipal court. How long such maneuvering could continue is conjectural. Certainly, the section should not be interpreted so as to permit such shopping around by a litigant for a court satisfactory to him or to require the constant shifting of a case between the two courts at the whim of the litigant. Thus, the interpretation contained in the majority opinion is not only sound but also aids the orderly administration of justice.