[Civ. No. 31084.   Second Dist., Div. Four.   May 7, 1968.]

ALBERT R. LINNICK, Plaintiff and Appellant, v. GEORGE T. SEDELMEIER et al., Defendants and Respondents.

Felix Distler for Plaintiff and Appellant.

Glickman & Nicholas and Andrew Landay for Defendants and Respondents.

COLLINS, J. pro tem.*—In this case there exists a question of jurisdiction which, although not raised or decided in the court below, demands our attention at the threshold of appellate review.[1]

The facts bearing on this jurisdiction are these: On December 29, 1964, plaintiff commenced an action in the Municipal

---

*Assigned by the Chairman of the Judicial Council.

[1] "The proposition, stated simply, is that a tribunal has jurisdiction to determine its own jurisdiction. This is a truism, and, subject to certain implicit limitations, is ordinarily a correct statement of law. . . . [A] court has inherent power to inquire into jurisdiction of its own motion, regardless of whether the question is raised by the litigants. (See 15 C.J. 851, 852, secs. 170, 171; 14 Am.Jur. 368, sec. 168; *Morris* v. *Gilmer*, 129 U.S. 315, 325 [9 Sup.Ct. 289, 32 L.Ed. 690.]'' (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 302-303 [109 P.2d 942, 132 A.L.R. 715].)

Court of Moorpark-Camarillo Judicial District, Ventura County, California,[2] to recover a balance of $3,750 allegedly due on two promissory notes. On January 14, 1965, defendant filed an answer in which he admitted the execution of the notes pursuant to an agreement for the sale and purchase of corporate stock of Thousand Oaks Broadcasting Company. Defendant admitted nonpayment on the notes, but denied any indebtedness to plaintiff.

On January 14, 1965, defendant filed a cross-complaint naming plaintiff and plaintiff's assignor of one of the promissory notes as cross-defendants. As cross-complainant he impleaded an agreement whereunder he was to purchase from cross-defendants 1,092 shares of stock in Thousand Oaks Broadcasting Company (operator of a federally licensed radio station); that he paid them $12,750 in cash and executed the two promissory notes for the balance of the purchase price; that the agreement required approval of the Federal Communications Commission because it involved the transfer of "control" of the subject corporation within the meaning of applicable federal laws;[3] that no such approval was sought or obtained; that as a result the agreement was unenforceable and in violation of public policy. The cross-complaint sought judicial rescission of the agreement and for restitution in the total amount of $12,750 theretofore paid to cross-defendants.

The minutes of the municipal court show that on May 3, 1965, the court granted a motion to transfer the action to the Superior Court of Ventura County.

Prior to trial a document entitled "Stipulation of Facts," dated October 18, 1965, was signed by counsel for both parties. One of the stipulations was that ". . . the cross-complaint seeking rescission be dismissed and the special defenses of lack of consideration and illegality of contract be added to the answer on file by defendant."

A judgment, which was entered on November 22, 1965, recited that the cause came on regularly for trial on October 19, 1965; that "*The Cross-Complaint against plaintiff* ALFRED R. LINNICK *and* SEYMOUR BLONDER *having been dismissed by stipulation,* and the special defenses of lack of consideration and illegality of contract having been added to the answer on

---

[2]Effective January 1, 1966, this court and all other municipal and justice courts in Ventura County were consolidated into the Ventura County Municipal Court. (See Gov. Code, § 74900; Stats. 1965, ch. 1761, § 1, p. 3943.)

[3]Communications Act of 1934, 47 U.S.C., § 310(b).

file by defendant by stipulation . . .," and oral and documentary evidence having been introduced, and written findings of fact and conclusions of law having been waived, the court proceeded to render judgment that the agreement being illegal, ". . . the court will not lend its assistance to either party . . . and leaves the parties where it finds them. Each party is to bear his own costs." (Italics supplied.)

On February 9, 1966, the trial court denied a motion for new trial which had been timely presented. This appeal from the judgment followed.

█ Since the transfer of the action from the municipal court to the superior court was based on a cross-complaint which sought relief available only in the superior court, the question is: Does the voluntary dismissal of such cross-complaint before trial and before any adjudicatory action thereon operate to divest the superior court of jurisdiction of the only remaining claim, namely, one for money in the pleaded amount of $3,750?

There are numerous decisions holding that failure to recover judgment in an amount within the statutory jurisdiction of the superior court does not deprive the court of jurisdiction. The fifth paragraph of section 396 of the Code of Civil Procedure expressly states that nothing in its provisions for transfer ". . . shall be construed to require the superior court to transfer any action or proceeding because the judgment to be rendered, *as determined at the trial or hearing,* is one which might have been rendered by a municipal or justice court. . . ." (Italics supplied.)

*Keenan* v. *Dean,* 134 Cal.App.2d 189 [285 P.2d 300], dealt with a factual situation similar in many respects to the present case. There plaintiff commenced his action in the municipal court for unlawful detainer and $205 in rent arrearages. Defendant filed a cross-complaint charging libel and asking for $50,000 damages, whereupon the action was transferred to the superior court. The latter court granted a motion striking the cross-complaint. On appeal from that order, the Court of Appeal observed as follows (p. 192): ". . . All that remains to be tried is the original action properly filed in the municipal court. When that fact is called to the attention of the superior court, under the mandatory provisions of section 396 of the Code of Civil Procedure, it will have to return the case for trial to the municipal court." A short time later the writer of the opinion in the *Keenan* case wrote a concurring opinion in the case of *Wexler* v. *Goldstein,* 146 Cal.App.2d 410 [304 P.2d 41], wherein he

retracted as an erroneous dictum the statement in the *Keenan* opinion to the effect that the provisions of section 396 were mandatory and gave the superior court no discretion to retain jurisdiction once it appeared that the judgment was one which might have been rendered by a municipal court.

The majority opinion in the *Wexler* case analyzed the various provisions of section 396, and concluded that the test of discretion was whether the jurisdictional point had been "determined at the trial or hearing." The court said (pp. 414-415) : "The next question is whether the order dismissing the second count of the cross-complaint was a part of the trial within the meaning of said fifth paragraph. Up until the dismissal of the second count, defendant could have filed an amendment thereto and thus kept it alive. The determination which caused it to be no longer a pleading in the case was the *nunc pro tunc* order of dismissal. The legal situation then became the same as though the plaintiffs had actually moved, at the start of the trial, to have such count dismissed for failure to amend. It would thus follow that the first time it appeared that the judgment to be rendered was within the jurisdiction of the municipal court was when the superior court 'determined at the trial' to dismiss the second count. This being so, the superior court had the right to either transfer the cause back to the municipal court or go ahead and complete the trial. The trial was completed and a judgment rendered upon the merits. Thus, the very object of the fifth paragraph of section 396 was achieved."

*Sellery* v. *Ward*, 21 Cal.2d 300 [131 P.2d 550], is another case in which the jurisdictional amount was reduced during the course of trial as a result of certain comments by the court which prompted the plaintiff to abandon certain causes of action.

The situation in the present case differs from the *Keenan*, *Wexler* and *Sellery* cases in this one controlling respect, namely, the lack of jurisdiction developed, not as a result of judicial action at trial but as a result of a stipulation of counsel before trial. This distinction compels the conclusion that the trial judge did not have, much less did he knowledgeably purport to exercise, any discretion to retain jurisdiction.[4]

---

[4]Since this case does not come within the discretionary provisions of the fifth paragraph of section 396, we need not here concern ourselves with what would be the effect of an interpretation of the section which would "permit . . . shopping . . . by a litigant for a court satisfactory

The judgment is reversed with directions to the superior court to transfer the action to the Ventura County Municipal Court for retrial on such pleadings and evidence as that court determines to be proper.

Files, P. J., and Jefferson, J., concurred.

to him or to require the constant shifting of a case between the two courts at the whim of the litigant'' as expressed in the concurring opinion in the *Wexler* case (146 Cal.App.2d at p. 417 [304 P.2d 41]). The argument is one which cuts two ways. There is as much to be said in favor of transferring a case back to the court where it was commenced after a defendant voluntarily dismisses the cross-complaint which alone was the basis for superior court jurisdiction. We do not imply that any litigant or counsel in the present case was conniving to get the case before a certain court or judge by manipulation of the pleadings. (Cf. Chadbourn, Grossman, Van Alstyne, Cal. Pleading (1961) § 99.)