[Civ. No. 47741. Second Dist., Div. Five. July 30, 1976.]

OMNI AVIATION MANAGERS, INC., Plaintiff and Respondent, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY; Defendant and Appellant; DANIEL HANSEN et al., Real Parties in Interest and Respondents.

**COUNSEL**

John H. Larson, County Counsel, and Eric R. Young, Deputy County Counsel, for Defendant and Appellant.

Rosen, Ross, Fields & Zax and Arnold L. Ross for Plaintiff and Respondent.

No appearance for Real Parties in Interest and Respondents.

**OPINION**

**KAUS, P. J.**—Writ proceeding. The Municipal Court for the Los Angeles Judicial District appeals from a judgment of the superior court which ordered the municipal court to hear a case within the jurisdiction of the municipal court.

## FACTS

The facts are undisputed. Petitioner filed an action, Omni Aviation Managers, Inc. v. Hansen, et al., in the superior court seeking damages in the amount of $5,159. The complaint was later amended to reduce the damages sought to $4,319.[1] Hansen, one of defendants in that action answered and filed a cross-complaint for legal malpractice against parties other than petitioner-plaintiff, seeking damages in excess of $25,000. Plaintiff's motion to sever the complaint from the cross-complaint was granted in November 1973. In April 1974 the superior court ordered that the complaint be transferred to the municipal court, defendant Hansen having stipulated that the written motion for such transfer was well taken. In October 1974 the case was tried and both sides filed briefs at the court's request. In December 1974 the municipal court ordered the case off calendar for lack of jurisdiction and ordered that it be retransferred to the superior court. Plaintiff then petitioned the superior court for a writ of mandamus, which, though contested by the municipal court, was granted.

## DISCUSSION

■ Code of Civil Procedure section 1048, subdivision (b), provides that the court "may order a separate trial of any cause of action, including a cause of action asserted in a cross-complaint, . . ." The municipal court does not dispute that the superior court properly severed the complaint from the cross-complaint in this action.

As a result of the severance, two actions were then pending in the superior court: the complaint with a prayer of $4,319 and the former cross-complaint against third parties. (See National Electric Supply Co. v. Mount Diablo Unified School Dist., 187 Cal.App.2d 418, 421-422 [9 Cal.Rptr. 864].)

Code of Civil Procedure section 396 provides that if an action is commenced in or transferred to a court which has jurisdiction of the subject matter, "and it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action . . . will necessarily involve the determination of questions not within the

---

[1]It is not clear whether the complaint was amended as of right or with leave of court. (Code Civ. Proc., § 472.) In any event, the right to amend so as to oust the court of jurisdiction is not disputed. (Thomasian v. Superior Court, 122 Cal.App.2d 322, 337 [265 P.2d 165].)

jurisdiction of the court, . . . the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action . . . to a court having jurisdiction thereof . . ."

The municipal court also concedes that if the cross-complaint had been stricken or dismissed, transfer to the municipal court "may" have been proper, but claims that as long as the cross-complaint continued to pend in the superior court, the municipal court lacked jurisdiction over the complaint.

Just why the question of jurisdiction depends on the fate of the former cross-complaint is never explained. There are, to be sure, certain situations where transfer to the municipal court is discretionary, rather than mandatory. (E.g., *Wexler* v. *Goldstein*, 146 Cal.App.2d 410 [304 P.2d 41]; see 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 279, pp. 817-818.) This is not one of them and, even if it were, the municipal court would have no power to second-guess the superior court's affirmative exercise of such discretion. Actually, since here the jurisdictional defect appeared before any trial in the superior court, transfer was mandatory. (*Linnick* v. *Sedelmeier*, 262 Cal.App.2d 12, 15 [68 Cal.Rptr. 334]; *Cochrane* v. *Superior Court*, 261 Cal.App.2d 201, 203 [67 Cal.Rptr. 675].)

The municipal court, however, insists that the "obvious purpose" of the Code of Civil Procedure section 396 is to require that an entire controversy be determined in one action before one court with complete jurisdiction of the controversy, even if—as is conceded—the severance was entirely proper. It is a sufficient answer for present purposes to point out that the very reason for the severance under section 1048, subdivision (b), was that the cross-complaint raised issues between defendant Hansen and his former lawyers which merely "clouded the issues" raised by the complaint and answer. The assumption of a single "controversy" is, therefore, quite unjustified.[2]

The municipal court also contends that because Hansen did not oppose the motion to transfer the complaint to the municipal court, the

---

[2]In addition to "a cause of action asserted in a cross-complaint" a trial court may also order separate trials of "any cause of action" or "of any separate issue or of any number of causes of action or issues." (Code Civ. Proc., § 1048, subd. (b).) Nothing in this opinion should be construed to imply that every order of severance necessarily results in several lawsuits. Obviously it does not, but even more obviously the severance ordered in this case had that effect.

parties attempted to confer jurisdiction by consent. This argument seems hardly worth answering. Jurisdiction depended on the prayer of the complaint. Hansen merely bowed to the inevitable.

The judgment is affirmed.

Stephens, J., and Ashby, J., concurred.