Filed 5/6/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SAMUEL E. HIONA et al.,<br><br>     Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>     Respondent;<br><br>2154 TAYLOR LLC,<br><br>     Real Party in Interest. | A158689<br><br>(San Francisco City and County Super. Ct. No. CUD19664667) |
| DENNIS A. THOMPSON et al.,<br><br>     Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>     Respondent;<br><br>2154 TAYLOR LLC,<br><br>     Real Party in Interest. | A158693<br><br>(San Francisco City and County Super. Ct. No. CUD19664666) |
| ANA GANOVIC,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>     Respondent; | A158695<br><br>(San Francisco City and County Super. Ct. No. CUD19664668) |

1

| 2154 TAYLOR LLC, | |
| :--- | :--- |
| Real Party in Interest. | |

In these consolidated petitions for a writ of mandate, we consider the following question: if an unlawful detainer (UD) action is filed as an unlimited civil case, and if the landlord waives its claim to damages for the purpose of obtaining a judgment for possession by way of a motion for summary judgment, should the action be reclassified as a limited civil case? Based on the plain language of Code of Civil Procedure section 403.040, subdivision (e), we conclude the trial court was not required to do so.[1]

The petitioners are tenants Samuel E. Hiona, Cathleen J. Thompson,[2] Dennis A. Thompson, Beth Bledsoe, and Ana Ganovic (hereafter, Petitioners or Tenants). Landlord and real party in interest 2154 Taylor LLC (Landlord) filed UD actions against them under the Ellis Act. (Gov. Code, § 7060 et seq.) Landlord filed the actions as unlimited civil cases. Landlord brought summary judgment motions for restitution of the premises based on Tenants' holdover after termination of their tenancies under the Ellis Act and applicable San Francisco rent ordinance provisions. After the motions for summary judgment were granted, Tenants moved to reclassify the actions as limited civil cases. The trial court denied the motions for reclassification and entered judgments for possession in favor of Landlord.

Tenants petition for a writ of mandate directing the trial court to vacate its orders denying their motions to reclassify the UD actions as limited

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Cathleen J. Thompson is a petitioner in case Nos. A158689 and A158693. The petitions explain she is married to Samuel Hiona, who resides in unit 5 of the building and the mother of Dennis Thompson, who resides in unit 3.

2

civil cases. We issued an order to show cause why the relief requested in the petitions should not be granted. On the merits, we deny the petitions.

FACTUAL AND PROCEDURAL BACKGROUND

Landlord owns a building in San Francisco, California. In March 2018, Landlord served "all tenants at the Property . . . with a Notice of Termination of Tenancy . . . in furtherance of [Landlord's] withdrawal of the Property from residential rental use, pursuant to the Ellis Act." Landlord executed a "Notice of Intent to Withdraw Residential Units from the Rental Market" and submitted it to San Francisco's Residential Rent Stabilization and Arbitration Board. Based on their qualifying age, and as permitted under the Ellis Act, Tenants exercised their right to extend the withdrawal date by one year, to March 30, 2019.

In April 2019, Landlord filed UD complaints against Tenants. The complaints were filed as unlimited civil actions, and, in each case, Landlord alleged the "[a]mount demanded exceeds $25,000." For unit 5, Landlord alleged its fair market value "is at least $105.21 per day." For unit 3, Landlord alleged its fair market value "is at least $92.06 per day." For unit 2, Landlord alleged the fair market value "is at least $98.63 per day." According to Landlord, damages caused by Tenants' unlawful detainer "continue to accrue" at those rates.

In July and August 2019, Landlord moved for summary judgment or summary adjudication in each of the UD actions. For the purpose of resolving the actions by "Motion for Summary Judgment only," Landlord waived "unlawful detainer damages, seeking . . . restitution of the Premises." In September 2019, the court granted the Landlord's motions for summary judgment, noting Landlord "waived the right to holdover damages for later

3

and separate determination in another proceeding." On the same day, the court denied Tenants' motions for summary judgment.

Five days later, Tenants moved to reclassify the UD actions as limited civil cases, arguing Landlord "waived all unlawful detainer damages, and thus currently has $0 in damages in this action. It is therefore impossible for [Landlord] to meet the $25,000 minimum judgment amount for this to be an unlimited civil matter."[3] Landlord opposed the motions for reclassification.

After hearing argument from the parties, but before entering judgments for possession, the court denied the motions for reclassification on October 21, 2019. On the same day, the court entered judgments in favor of Landlord for possession of the rental units. One week later, on October 28, 2019, Tenants petitioned for a writ of mandate.[4]

## DISCUSSION

Tenants seek writs of mandate directing the superior court to reclassify these UD actions as limited because "[a]t the time the motion[s were] filed, it was impossible for [Landlord] to obtain a judgment above the jurisdictional threshold for an unlimited civil case." We agree that writ review is appropriate, but we conclude the court did not abuse its discretion by denying the motions to reclassify.[5]

---

[3] This statement is not quite correct because, for unlimited civil cases, the plaintiff must claim damages *in excess of* $25,000. (§§ 85, subd. (a); 86, subd. (a)(1); 88.)

[4] On October 31, 2019, we consolidated the three petitions. On November 22, 2019, in accordance with the parties' stipulation, we stayed enforcement of the underlying judgments during the pendency of the consolidated petitions, and for 15 days thereafter, including execution of any writs of possession.

[5] Landlord requests we take judicial notice of an excerpt from a grant agreement packet between the San Francisco Mayor's Office of Housing and Community Development and the Tenderloin Housing Clinic. Petitioners

4

I.      *Propriety of Writ Review*

"When an order is made by the superior court granting or denying a motion to reclassify an action or proceeding . . . , the party aggrieved by the order may, within 20 days after service of a written notice of the order, petition the court of appeal for the district in which the court granting or denying the motion is situated for a writ of mandate requiring proper classification of the action or proceeding." (§ 403.080.)  This statute provides that we have jurisdiction to review the trial court's decision on a motion for reclassification and it specifies the nature of the aggrieved party's remedy—a writ of mandate.  Indeed, "an order reclassifying a case is *not* an appealable order; a party seeking appellate review of such an order must file a timely petition for a writ of mandate pursuant to section 403.080." (*Garau v. Torrance Unified School Dist.* (2006) 137 Cal.App.4th 192, 199.)

Here, Tenants timely challenged the court's denial of their motions to reclassify.  The parties agree, as do we, that writ review is appropriate.  In addition, the petitions raise an issue of first impression that is likely to recur in UD proceedings.  (See *Amie v. Superior Court* (1979) 99 Cal.App.3d 421, 424.)

II.      *Governing Law and Standard of Review*

Limited civil cases include ones "in which the demand, exclusive of interest, or the value of the property in controversy amounts to twenty-five thousand dollars ($25,000) or less." (§ 86, subd. (a)(1).)  UD proceedings are limited when "the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less." (§ 86, subd. (a)(4).)

---

object to the request.  We deny the request because the document is not relevant to our analysis. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.)

5

A party seeking to reclassify a case from unlimited to limited faces a "high threshold." (*Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 278.) The trial court must conclude "that the verdict will 'necessarily' fall short of the superior court jurisdictional requirement of a claim exceeding $25,000." (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 270.) "The *unlikeliness* of a judgment in excess of $25,000 is *not the test.* The trial court reviews the record to determine whether the result is obtainable. Simply stated, the trial court looks to the possibility of a jurisdictionally appropriate verdict, not to its probability." (*Maldonado v. Superior Court* (1996) 45 Cal.App.4th 397, 402.)

We review the trial court's decision on a reclassification motion for an abuse of discretion. (*Walker v. Superior Court*, *supra*, 53 Cal.3d at p. 272.) A court abuses its discretion when its ruling is " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) Nevertheless, a court's discretion "is not unlimited," and "it must be exercised within the confines of the applicable legal principles." (*Ibid.*)

III.    *No Abuse of Discretion in Denying Reclassification Motions*

"Unlawful detainer is a summary procedure designed principally to enable the landlord to gain speedy possession of the property. . . .  [A]lthough Code of Civil Procedure section 1174, subdivision (b), authorizes rental damages in unlawful detainer, nothing in the statutes *requires* the landlord to litigate his rental claims in the unlawful detainer rather than a separate civil proceeding . . . .  To *require* the landlord to litigate rental damages in unlawful detainer could delay and frustrate the primary purpose of the proceeding, the obtaining of possession." (*Northrop Corp. v. Chaparral*

*Energy, Inc.* (1985) 168 Cal.App.3d 725, 729.)[6]

Tenants argue these UD actions are "incorrectly classified" as unlimited "because it is impossible for [Landlord] to recover more than just possession of the Subject Premises." Tenants emphasize that, in its summary judgment motions, Landlord " 'waived the right to holdover damages for later and separate determination in another proceeding.' " Tenants contend "the waiver of damages is only allowed in order to seek them in 'a separate action for relief' under Civil Code § 1952[, subd.](b), not in the same action."[7] Indeed, the orders granting summary judgment provide that Landlord "waived the right to holdover damages for later and separate determination in another proceeding."

Assuming, without deciding, that Landlord can no longer seek damages in these UD actions, the court was not required to reclassify them as limited.[8]

---

[6] Section 1174, subdivision (b) provides in part: "The jury or the court . . . shall also assess the damages occasioned to the plaintiff by any . . . unlawful detainer, alleged in the complaint and proved on the trial . . . . The trier of fact shall determine whether . . . damages . . . shall be awarded, and judgment shall be entered accordingly."

[7] Civil Code section 1952, subdivision (b) provides in part: "Unless the lessor amends the complaint . . . to state a claim for damages not recoverable in the unlawful detainer proceeding, the bringing of an action under the provisions of Chapter 4 (commencing with Section 1159) of Title 3 of Part 3 of the Code of Civil Procedure does not affect the lessor's right to bring a separate action for relief . . . , but no damages shall be recovered in the subsequent action for any detriment for which a claim for damages was made and determined on the merits in the previous action."

[8] Landlord argues it is possible it could obtain damages in excess of $25,000 in each of the UD actions because its judgments for possession could be reversed on appeal. Tenants respond that summary judgment procedure does not authorize a "conditional waiver of damages." Tenants accuse Landlord of trying "to have it both ways" by waiving damages for summary judgment purposes while simultaneously arguing a damages award in excess of $25,000 remains possible. We do not address these arguments because we

7

The statute on motions for reclassification provides: "Nothing in this section shall be construed to require the superior court to reclassify an action or proceeding because the judgment to be rendered, as determined at the trial or hearing, is one that might have been rendered in a limited civil case." (§ 403.040, subd. (e).)

Tenants argue, without authority, that subdivision (e) "does not apply to the waiver of damages here. The recovery of $0 damages here was not 'determined at the trial or hearing,' but was waived by [Landlord] prior to the hearing in order to obtain summary judgment for possession only." Similarly, in their reply to Landlord's return, Tenants reiterate that "no determination was made at the hearing regarding damages . . . because they had been waived prior to the hearing." According to Tenants, Landlord's waiver of damages "was no different than had it filed a dismissal without prejudice of its claim for damages prior to filing the summary judgment motion."

We disagree. Section 403.040, subdivision (e) applies when "the judgment to be rendered, as determined at the trial or hearing, is one that might have been rendered in a limited civil case." Even though Landlord waived its claims for damages, the court still had to determine whether it could enter judgments for possession in favor of Landlord, which, among other things, required Landlord to prove compliance with the requirements of the Ellis Act. The judgments for possession could have been rendered in a limited civil action because they did not include an award of damages, but "a court presiding in unlimited civil actions may enter a judgment that falls within the range of a limited civil action and/or that could have been entered in a limited civil court." (*Ytuarte v. Superior Court*, *supra*, 129 Cal.App.4th

assume, without deciding, that Landlord can no longer seek damages in these UD actions.

8

at p. 275.)  Subdivision (e) expressly provides the court was *not required* to reclassify the UD actions as limited under this circumstance.  By acting in accordance with this legal principle, the trial court did not abuse its discretion when it denied Tenants' motions for reclassification.  (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 540 [scope of discretion always resides in the particular law being applied].)

In their reply to the return, and at oral argument, Tenants relied on *Linnick v. Sedelmeier* (1968) 262 Cal.App.2d 12 to support their argument that section 403.040, subdivision (e) does not apply.  In *Linnick*, a pre-unification case addressing former section 396,[9] the Court of Appeal determined the trial court had no discretion to retain jurisdiction because "the lack of jurisdiction developed, not as a result of judicial action at trial but as a result of a stipulation of counsel before trial." (*Linnick*, at p. 15.)  But here, even though Landlord waived damages, the judgments for possession were nevertheless the result of judicial action because they were entered after the court held hearings on motions for summary judgment.

Tenants contend that if section 403.040, subdivision (e) applies, then subdivision (b) is rendered "without effect."  Section 403.040, subdivision (b) provides that "[i]f a party files a motion for reclassification after the time for that party to amend that party's initial pleading or to respond to a complaint, cross-complaint, or other initial pleading, the court shall grant the motion and enter an order for reclassification only if both of the following conditions

---

[9] In 1998, the California Constitution was amended to permit the unification of the superior courts and municipal courts.  Now civil cases formerly within the jurisdiction of the municipal courts are classified as limited, while civil cases formerly within the jurisdiction of the superior courts are classified as unlimited.  (See *Ytuarte v. Superior Court, supra*, 129 Cal.App.4th at p. 274.)

9

are satisfied:  [¶]  (1) The case is incorrectly classified.  [¶]  (2) The moving party shows good cause for not seeking reclassification earlier."  Tenants argue this subdivision applies, and, once Landlord waived damages, the conditions were satisfied.

We are not persuaded.  Section 403.040, subdivision (e) qualifies subdivision (b) by providing that if the case has reached a stage where there is a "judgment to be rendered, as determined at the trial or hearing," then the court is no longer required to reclassify it even if the judgment is one that might have been rendered in a limited civil case.  (See *Wexler v. Goldstein* (1956) 146 Cal.App.2d 410, 413–415 [interpreting similar language in the second and fifth paragraphs of former section 396 in the same way].)  Before a case reaches this stage, subdivision (b) applies.  As a result, subdivision (b) is not "without effect."  It is not surplusage.

In an argument that concerns the judgments for possession, Tenants claim "the Court of Appeal must have appellate jurisdiction before it can reverse the judgment[s] on appeal, and because reclassification should have been granted, this Court lacks appellate jurisdiction."  It is true that an appeal in a limited civil case is to the appellate division of the superior court, while appeals in unlimited civil cases are to this court.  (§§ 904.1, subd. (a), 904.2.)  Tenants have appealed the judgments for possession.  But here we address Tenants' petitions for writs of mandate, not their appeals from the judgments for possession.  As explained *ante*, and based on the plain language of section 403.080, which permits a party aggrieved by an order denying a motion to reclassify to seek a writ of mandate, we are authorized to review the orders denying Tenants' motions for reclassification.

Tenants argue further that reclassifying these cases as limited based on Landlord's waiver of damages "does not preclude [Landlord] from seeking

10

to reclassify the action[s] back to" unlimited, if "after an appellate court reverses summary judgment and remands the matter[s] . . . for trial, [Landlord's] damages exceed the $25,000 threshold." But in *Walker*, our Supreme Court "cautioned that inappropriate [reclassification from unlimited to limited] poses the potential of fostering inefficiency and delay if, after [reclassification], the plaintiff can establish a right to [reclassification back to unlimited]." (*Walker. v. Superior Court, supra*, 53 Cal.3d at p. 271.) This reasoning applies with even greater force in UD actions, in which " '[t]he statutory scheme is intended and designed to provide an expeditious remedy for the recovery of possession of real property.' " (*Coyne v. De Leo* (2018) 26 Cal.App.5th 801, 805.)

In a related argument, Tenants contend these cases will be resolved more quickly if reclassified as limited. We do not doubt that landlords, who in UD actions are typically focused on gaining possession as quickly as possible, have an incentive to file their actions as limited civil cases. Indeed, as acknowledged by Landlord, "[g]iven the summary and limited nature of unlawful detainer, the typical plaintiff in a residential-unlawful-detainer case . . . will not recover damages greater than $25,000. (See [Code Civ. Proc.,] § 1170.5, subd. (a) [trial to be set within 20 days of request]." Nevertheless, here, based on the plain language of section 403.040, subdivision (e), the trial court was not required to reclassify these UD actions from unlimited to limited civil cases. Even though Landlord filed these UD actions as unlimited, and then waived its claims for damages to obtain judgments for possession, the trial court did not abuse its discretion by denying Tenants' motions for reclassification.

11

DISPOSITION

We deny the petitions. The parties shall bear their own costs in this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(B).)

_____
Jones, P. J.

WE CONCUR:


_____
Needham, J.


_____
Burns, J.

A158689/A158693/A158695

San Francisco City and County Superior Court, Ronald Evans Quidachay, Judge

Tenderloin Housing Clinic, Stephen Leonard Collier, Tyler Rougeau and Raquel Fox for Petitioners

No appearance for Respondent

Zacks, Freedman & Patterson, Andrew M. Zacks, Scott Ariel Freedman and Justin A. Goodman; Katz Appellate Law and Paul J. Katz for Real Party in Interest