[No. C067861. Third Dist. June 7, 2012.]

JOE CULLEN et al., Plaintiffs and Appellants, v.
PAUL CORWIN et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the Factual and Procedural Background and parts I. through III. of the Discussion.

COUNSEL

Bernard, Balgley & Bonaccorsi and Elise M. Balgley for Plaintiffs and Appellants.

Richard R. Leuthold for Defendants and Respondents.

OPINION

**BUTZ, J.**—Plaintiffs Joe and Marieanne Cullen stated alternate counts[1] that alleged defendants Paul and Geraldine Corwin acted either negligently or fraudulently in failing to disclose the defective condition of the garage roof when the Corwins sold a vacation home to the Cullens.[2]

The Corwins moved for summary judgment on the ground that the statute of limitations had expired. The trial court granted the motion and entered judgment in their favor. It subsequently granted their motion to recover $16,500 in legal fees as costs, pursuant to a provision in the standard form purchase agreement. The Cullens filed a timely notice of appeal from the judgment and order.

The Cullens contend there are triable issues of fact regarding the accrual of their cause of action, and assert the trial court abused its discretion in any event in failing to grant leave to amend their pleading to state a theory of breach of a written contract. They also assert (among other arguments) that there is a procedural bar to the recovery of legal fees because the Corwins failed to agree to mediation, which is a condition precedent under the purchase agreement for recovery of legal fees. We shall affirm the judgment for the reasons stated in the unpublished part of the opinion and reverse the order awarding legal fees.

## FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] Although denominated "causes of action," these are in fact different theories of recovery rather than invasions of more than one primary right. (*Rio Linda Unified School Dist. v. Superior Court* (1997) 52 Cal.App.4th 732, 735, fn. 2 [60 Cal.Rptr.2d 710]; 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, §§ 34–36, pp. 98–102.)

[2] The real estate broker and agent, named as additional defendants, are not party to this appeal.

*See footnote, *ante*, page 1074.

## DISCUSSION

### I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV. Legal Fees

The parties' standard form purchase agreement provides for the prevailing party in any dispute to recover legal fees. However, this right is subject to a condition precedent that reads, "If, for any dispute . . . to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, *or refuses to mediate after [the making of] a request* . . . , then that party shall not be entitled to recover attorney[] fees . . . ." (Italics added; see *Lange v. Schilling* (2008) 163 Cal.App.4th 1412, 1416–1417 [78 Cal.Rptr.3d 356] (*Lange*) [describing contingent effect of this standardized contractual language].)

In her declaration in opposition to the request for an award of legal fees as costs, the attorney for the Cullens asserted that in 2010 she had twice requested mediation of the litigation in accordance with the trial court's suggestions, but counsel for the Corwins adamantly rejected the two requests. At the latter point, defense counsel had billed only about $4,300 in legal fees.

In his responsive declaration, defense counsel asserted the Cullens' failure to provide responses to discovery requests was a proper basis for his refusal to agree to mediation. His clients' "position was quite simple. [The Corwins] wanted to participate in a mediation but they wanted discovery responses and depositions to take place so that they could file a Motion for Summary Judgment to avoid mediation, settlement conference and trial." Defense counsel believed mediation would have been "meaningful" only in the event that the trial court denied the motion for summary judgment. He had also asserted in one of his letters to the Cullens that mediation without discovery responses would be a "waste of time." Finally, he pointed out that the Cullens had not offered mediation to the Corwins prior to the resort to court.

The trial court granted the request for legal fees by the Corwins, tersely rejecting the argument of the Cullens with only the observation that "There is

---

*See footnote, *ante*, page 1074.

an insufficient showing of refusal to mediate." It found a reasonable attorney fee rate was $300 per hour, and a reasonable amount of time expended was 55 hours.

The Cullens, as noted in our introduction, renew this basis for objection on appeal (among others). As it is determinative, we do not need to discuss the remainder.

We review the trial court's determination of the *legal basis* for an award of legal fees de novo as a question of law. (*Lange, supra*, 163 Cal.App.4th at p. 1416; *Van Slyke v. Gibson* (2007) 146 Cal.App.4th 1296, 1299 [53 Cal.Rptr.3d 491]; *Honey Baked Hams, Inc. v. Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595] (*Honey Baked*), disapproved as to analysis of Civ. Code, § 1717 in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 614, fn. 8 [71 Cal.Rptr.2d 830, 951 P.2d 399].)[5] We determine this issue based on the historical facts for which there is substantial evidence in support. (*Van Slyke v. Gibson, supra*, 146 Cal.App.4th at p. 1300 [deferring to trial court's resolution of weight of evidence and credibility].)

■ *Frei* was the first case to consider the portion of this provision highlighted above in the standard California agreement for property sales. (*Frei, supra*, 124 Cal.App.4th at p. 1508.) It concluded, "The new provision barring recovery of [legal] fees by a prevailing party who refuses a request for mediation *means what it says* and will be enforced." (*Ibid.*, italics added.) It found there was an absence of substantial evidence to support the trial court's finding that the prevailing party had not refused to mediate (or, more properly, that historical facts on which the trial court based its decision did not support its *legal* finding that the prevailing party was entitled to recover legal fees). (*Id.* at pp. 1513–1514.) It also rejected a number of legal theories the prevailing party offered to excuse its failure to mediate. (*Id.* at pp. 1514–1518.)

■ Only the last of these has tangential relevance to the present case. *Frei* concluded the failure of the plaintiff to request mediation *before* bringing

---

[5] *Frei v. Davey* (2004) 124 Cal.App.4th 1506 [22 Cal.Rptr.3d 429] (*Frei*) initially states the correct standard of review for the legal basis of an award of fees (*id.* at p. 1511). However, in discussing whether the evidence was sufficient to establish that the Daveys satisfied the contractual condition precedent for mediation, *Frei* switched to a standard of abuse of discretion. (*Id.* at p. 1512.) This applies to a trial court's determination of the *amount* of legal fees in an award (*Honey Baked, supra*, 37 Cal.App.4th at p. 429), which was in fact the issue in the case that *Frei* cited in support (*Finney v. Gomez* (2003) 111 Cal.App.4th 527, 545 [3 Cal.Rptr.3d 604]).

suit was *excused* under a different provision allowing for the filing of an action in order to obtain a lis pendens, and therefore did not negate the duty to respond to the request for mediation. (*Frei, supra,* 124 Cal.App.4th at pp. 1517–1518.) *Frei* did not consider this point in the context of an initiation of litigation such as in the case at bar that did *not* come within the provision for a lis pendens, and thus is not authority for the inverse proposition that an initiation of litigation otherwise does negate any duty to participate in mediation, as the Corwins argue without any supporting authority. (*Honey Baked, supra,* 37 Cal.App.4th at p. 427.) This inverse proposition runs afoul of the language of the parties' standard form purchase agreement at issue here: "If . . . any party *commences* an action without first attempting to resolve the matter through mediation, *OR refuses to mediate* after [the making of] a request . . . , then that party shall not be entitled to recover attorney[] fees . . . ." (Italics & some capitalization added.) The parallel structure of this language simply is not susceptible of a reasonable interpretation that a mediation request must precede the initiation of the litigation.

■ This leaves the alternate arguments that the Corwins were entitled to demand discovery responses first because they wished to pursue their motion for summary judgment to make mediation more "meaningful," and because mediation without discovery responses was a "waste of time." The Corwins are entitled to act on these convictions as a matter of strategy. The Corwins, however, do not explain how the *contractual language* allows for these as excuses to the requirement of assenting to mediation in order to recover their legal fees. The requirement "is designed to encourage mediation *at the earliest possible time*" (*Lange, supra,* 163 Cal.App.4th at p. 1418, italics added); opponents accordingly are not entitled to postpone it until they feel that they have marshaled the strongest possible support for their positions in litigation *and* mediation. Moreover, there is a strong public policy in the promotion of mediation " 'as a preferable *alternative* to judicial proceedings' " in a less expensive and more expeditious forum. (*Id.* at p. 1417, italics added.) The costly and time-consuming procedures connected with discovery are thus not a necessary adjunct to mediation proceedings that a party can demand before participating. These excuses are therefore inadequate as a matter of interpretation of the contractual provision in light of the policy it promotes.

■ The record lacks any historical facts establishing an assent to the requests for mediation or a legally warranted reason to decline. The Corwins consequently are not entitled to recover their legal fees.

## DISPOSITION

The judgment is affirmed. The order awarding legal fees to defendants Corwin is reversed. Neither party shall recover costs of appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

Raye, P. J., and Duarte, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 29, 2012, S204016. Werdegar, J., did not participate therein.