Filed 3/5/13  Blackhurst v. Ungerman CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| DAVID A. BLACKHURST, | C067415 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2008-00007282-CU-BC-GDS) |
| v. | |
| ELISA UNGERMAN, | |
| Defendant and Respondent. | |

Plaintiffs David and Regina Blackhurst, who are spouses, brought the present action against defendant Elisa Ungerman in propria persona.[1]  They alleged various theories (including legal malpractice) under which they incurred damages as a result of Ungerman's representation of them.  That representation included a previous action against Regina's former employer, and a subsequent dispute arising among Ungerman,

---

[1] We will refer to the Blackhursts by their first names for clarity.  No disrespect is intended.

1                    (*SEE CONCURRING OPINION*)

her former law firm, and Regina over their entitlement to legal fees out of the substantial settlement that Regina had received in the underlying action. The trial court sustained Ungerman's demurrer to the Blackhursts' third attempt at pleading their case. As to David, the court found he did not have standing to pursue the present action because he had dismissed his claims in the underlying action shortly after retaining Ungerman's services. Thus, the court sustained the demurrer without leave to amend and entered a judgment of dismissal in June 2009 as to him.[2] In November 2009, it awarded Ungerman her legal fees pursuant to the contingency fee agreement that David had executed with her.

David filed a notice of appeal in November 2009 from the judgment of dismissal and the order awarding legal fees, which was timely as to the former because he was never served with notice of its entry. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 581, p. 661 (Witkin).) However, the trial court did not process his notice of appeal until February 2011. The record on appeal was filed in July 2011. Briefing was completed in September 2012 after the parties both obtained substantial extensions of time to file their briefs.

On appeal, David continues to represent himself. He contends he has standing in the present action to contest the past performance of Ungerman because his attorney-client relationship continued with her regardless of his withdrawal from the underlying litigation. He also argues it was improper to award legal fees pursuant to a contract that the trial court had found to be void (and that he suggests was unconscionable). Finally, he requests sanctions against Ungerman and her attorney for making frivolous

---

[2] The court sustained the demurrer as to Regina with leave to amend her claims for malpractice, and as a result she is not a party to this appeal.

arguments.[3]  We shall affirm the judgment of dismissal and the award of legal fees, and deny the request for sanctions, which is both procedurally barred (Cal. Rules of Court, rule 8.276(b)) and baseless in light of our affirmances.

## FACTUAL AND PROCEDURAL BACKGROUND

There is little in the lengthy appellate record that is material to the issue of standing.  We assume the truth of the well-pleaded factual averments of David's third pleading, and facts properly subject to judicial notice.  (*Fogarty v. City of Chico* (2007) 148 Cal.App.4th 537, 540; *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 864-865.)

David and Regina filed an action in 2002 in propria persona against Regina's former employer for a wrongful dismissal in September 2001 that was based on her pregnancy.  Faced with a motion for summary judgment in August 2004, they sought out Ungerman to represent them, who was employed with a law firm at that time.

The Blackhursts entered into a contingency fee agreement with both the law firm and Ungerman in July 2004.  It was their understanding, however, that Ungerman would be handling the case on her own ("in effect, 'moonlighting' ") in a " 'joint venture' " with the law firm, which did not otherwise represent clients on a contingency basis.

The contract described the scope of representation as the "claim for damages or other appropriate relief against [Regina's former employer] . . . for the injuries and/or loss suffered by [the Blackhursts] arising out of her termination . . . ."  Among the legal services Ungerman agreed to provide on a contingency basis were settlement

---

[3]  In his reply brief, David for the first time raises issues regarding subsequent proceedings in the trial court.  We may disregard an issue raised for the first time in a reply brief (*Sourcecorp*, *Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1061, fn. 7), and in any event proceedings occurring after the filing of a notice of appeal are outside the scope of the appeal (9 Witkin, *supra*, Appeal, § 337, p. 387).

negotiations. It also contained a clause providing "Attorney fees incurred as a result of any action brought to enforce any fee dispute shall be awarded to the prevailing party."

Shortly afterward, David agreed to dismiss his own claims against his wife's former employer at Ungerman's suggestion "to streamline and simplify the case." Over the next year, Ungerman continued to consult with David about his knowledge of *his wife's* case.

In August 2005, Ungerman left her law firm over issues regarding the division of legal fees from her contingency work. Because the Blackhursts wanted her to continue to be the attorney of record (in the absence of other attorneys in the law firm having equal skill or interest in employment litigation), they substituted her individually as counsel in the ongoing litigation and executed a new contingency agreement identical to the previous one except for the deletion of any reference to the law firm in its provisions. They were not aware that Ungerman's departure from the law firm was acrimonious.

In December 2005, Ungerman settled the underlying action against Regina's former employer for $230,000. Ungerman's former law firm filed a notice of lien for costs and legal fees. Regina received a check for $105,000, less than the 60 percent amount specified in the contingency fee agreement. The balance was retained in anticipation of the resolution of claims for legal fees and costs.

In June 2006, the law firm brought an action against Ungerman and Regina, who had separate counsel. The lawyer for Regina filed a cross-complaint against the law firm, which was the subject of a successful special motion to strike. Ungerman waived any claim of legal fees as part of a settlement of another fee dispute with the law firm. The trial court in the legal fee action entered judgment in favor of the law firm, rejecting Regina's arguments that the firm was limited to a pro rata share of the 40 percent

contingency fee or that it had abandoned her as a client.[4] We affirmed the judgment awarding 40 percent of Regina's settlement to the law firm plus reimbursement of costs. (*Anwyl, Scoffield & Stepp v. Blackhurst* (Mar. 25, 2011, C059899) [nonpub. opn.].)

The present action was commenced against both Ungerman and her former law firm in April 2008. The latter prevailed on a special motion to strike the original complaint (the trial court finding it restated the essence of the cross-claim in the legal fee action).

David and Regina asserted six theories of recovery (titled "causes of action") in the present pleading (second amended complaint). Under each of them, the damages asserted are the liability of *Regina's* settlement for the former law firm's legal fees, contrary to the contingency agreements that the Blackhursts had signed.

In the tentative ruling that the trial court adopted after oral argument, it noted that David had retained Ungerman for any claim of damages or relief against the former employer. While Ungerman may have made misrepresentations (regarding the relationship between her and the law firm) before David withdrew from the underlying action, the conduct resulting in damages to Regina occurred *after* David's withdrawal from the action, and therefore he did not have any standing to sue in his own behalf.[5]

---

[4] The rulings on the special motion to strike and the judgment in the legal fee action were the subjects of a motion for judicial notice filed in connection with the demurrer at bar.

[5] In connection with Regina, the trial court declined to give leave to amend on the first four theories: after three attempts she had failed to specify a contractual term that had been breached; she had failed to establish a deliberate intent to frustrate a common purpose of the contract; the alleged misrepresentations about the relationship with the law firm were not a proximate cause of damages; and any infliction of emotional distress was derivative of the cause of action for malpractice. It allowed Regina another try at pleading a cause of action for breach of fiduciary duty and malpractice.

David opposed the subsequent request for legal fees only on the ground that the court, in ruling on the demurrer, had found there was no longer a contract between Ungerman and him. The court explained in its ruling granting the request for fees that, having premised his action against Ungerman on the contractual relationship with her, he was subject to the contractual provision for legal fees even if he was unable to prevail on his claims. The trial court awarded Ungerman nearly $37,000 in legal fees and costs.

## DISCUSSION

As a matter of fairness to their opponents (and others with business in this court), those who proceed without an attorney are not entitled to any greater degree of consideration and are expected to meet the same standards as the attorneys who appear before us. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Pursuant to these standards of appellate procedure, an appellant must provide an argument (appearing under a heading summarizing his or her thesis) that does not include tangential claims unrelated to the heading, supported with relevant authorities. (*Imagistics Internat.*, *Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 591, fn. 8, 593 & fn. 10 (*Imagistics*).) Failure to comply with this principle results in the forfeiture of the claim of error.

### I.  Lack of Standing

"Every action must be prosecuted in the name of the real party in interest . . . ." (Code Civ. Proc., § 367.) This is the person who possesses the right to sue under the substantive law involved; anyone other than a real party in interest lacks standing and is subject to a demurrer for the failure to state a cause of action. (*Redevelopment Agency of San Diego v. San Diego Gas & Electric Co.* (2003) 111 Cal.App.4th 912, 920-921.) The real party in interest must have a beneficial interest in the action representing an injury that the general public does not share. (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 315.)

6

David attempts to mash his allegations into a form of a continued "de facto" attorney-client relationship with Ungerman, because her communications with him did not make affirmatively clear that he was not her client any longer. He also points to his status as a signatory on the second contingency agreement, contemporaneous with the conduct directly leading to the fee dispute that had an impact on *his wife's* settlement proceeds. Finally, he suggests in passing that he continued to have a financial interest in the underlying litigation because he had made outlays for costs and his "community property rights have been severely impacted by the failures by Ungerman."

David's focus is misplaced. It is not his continued relationship with *Ungerman* that would confer standing on him (and thus we do not need to address his claims of a "de facto" relationship or a relationship "renewed" in the second agreement). Her status as his attorney was for a single purpose—litigating the underlying action against his wife's former employer—and not a general retainer. Once he severed his connection with that *litigation*, at a time when any damages were not proximately connected to Ungerman's conduct, he lost any beneficial interest in the outcome of the litigation (injury to which is the focus of the present case), regardless of the communications that Ungerman maintained with him concerning the prosecution of the underlying action. We cannot conceive of any cognizable malpractice damages arising from these continued communications, nor has David satisfied his obligation to spell out the manner in which he would propose to amend his complaint to make such an allegation. (*People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112.) As for his brief mention of his community property rights, he does not identify any point where he raised this claim in the trial court, and this abbreviated reference in his brief does not fulfill his obligation as an appellant to present adequate argument and authority in support, nor his obligation to spell out a proposed amendment to his pleading even if this *were* a legally viable theory. (*Ibid.*) He has therefore forfeited our plenary review. As a result, we note only

7

that *The MEGA Life & Health Ins. Co. v. Superior Court* (2009) 172 Cal.App.4th 1522, 1528-1529 and *Hatchwell v. Blue Shield of California* (1988) 198 Cal.App.3d 1027, 1036 both rejected the argument that expenditure of community funds or a community interest in the res of an action confers standing on a spouse to file suit.  We therefore affirm the judgment of dismissal.

## II.  Entitlement to Legal Fees

David does not dispute the trial court's interpretation of the clause in the contingency agreement as embracing the present litigation, nor Ungerman's status as a prevailing party, nor the amount of legal fees awarded.  Characterizing the ruling on the demurrer as including a determination that the contingency agreements were "void" or "invalid," he argues it is inconsistent and "unconscionable" to impose liability for legal fees under the agreements.[6]  David misapprehends both the nature of the ruling on the demurrer and the doctrine of reciprocal liability for legal fees under Civil Code section 1717 (hereafter section 1717).  The legal basis for an award of legal fees is subject to our de novo review.  (*Cullen v. Corwin* (2012) 206 Cal.App.4th 1074, 1078.)

The ruling that David lacks standing to pursue any cause of action for Ungerman's actions regarding the underlying case did not explicitly (nor necessarily) "void" or "invalidate" either of the contingency agreements.  It is instead premised on his dismissal of his claims against the former employer of his wife.  The agreements are in full force and effect.  Accordingly, his argument that it is "unconscionable" to have the agreements apply only to him also fails because its essential premise is lacking.

---

[6] Under this heading, David also takes issue with the trial court's ruling on the merits (in connection with Regina) regarding the allegations of fraud.  Arguably, this is a "lurking" argument that we are not obliged to address.  (*Imagistics*, *supra*, 150 Cal.App.4th at p. 593, fn. 10.)  More to the point, David's lack of standing with respect to the action moots the question.

Moreover, even a determination on the merits that the two contingency agreements are not *enforceable* does not change the fact that David *relied on them* in framing his theories of liability against Ungerman. This is sufficient under section 1717 to subject him to liability for legal fees under the contracts he attempted to use as a sword. (*Manier v. Anaheim Business Center Co.* (1984) 161 Cal.App.3d 503, 507 [prevailing party entitled to legal fees when sued on contract even where contract determined to be unenforceable];[7] cf. *Wilson's Heating & Air Conditioning v. Wells Fargo Bank* (1988) 202 Cal.App.3d 1326, 1333 [reciprocity effect of section 1717 allows litigant sued on contract *as if* party to it to recover legal fees under contract even *if not* a party to it].)

## DISPOSITION

The judgment of dismissal and the order awarding legal fees to Ungerman are affirmed. Respondent Ungerman is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


          BUTZ          , Acting P. J.


I concur:


      DUARTE       , J.

---

[7] We note there is a dispute whether, under this principle, the prevailing party must prove the losing party would *in fact* have been entitled to recover legal fees under the contractual basis for the litigation. (See *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 896-899.) This is not a limitation that would apply in the present action in any event, because defendant Ungerman has never suggested that the Blackhursts would not be entitled to recover legal fees under the contingency agreements.

**Mauro J., concurring:**

In 2004, David and Regina Blackhurst signed an agreement with Elisa Ungerman and her law firm in which the attorneys agreed to represent the Blackhursts in a lawsuit based on Regina's alleged wrongful termination from employment. Soon after, relying on Elisa's legal advice, David dismissed his portion of the lawsuit.

Then, in 2005, Elisa entered into a new agreement with David and Regina, agreeing once again to represent them both in a lawsuit based on Regina's alleged wrongful termination.

If that new agreement was valid as to David, it had to be based on mutual valuable consideration, i.e., David had to receive something of value from the agreement. And if David received something of value from the agreement, then it is understandable why he believes he has a beneficial interest in the agreement, and hence has standing to sue based on the agreement.

But to state facts sufficient to constitute a cause of action, David must also plead that he sustained cognizable damages. The second amended complaint alleges, in various ways, that David's damages relate to the settlement of Regina's lawsuit and the distribution of those funds. Because David was no longer a party to that lawsuit at the time of the settlement, he has no basis to challenge that settlement or its ultimate distribution. That is why the trial court sustained the demurrer. David's alleged damages cannot arise from the settlement or its distribution.

It is now David's burden on appeal to prove that he could plead something different; he must show that an amendment would cure his deficient pleading. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.) But David has failed to meet that burden. His briefs on appeal focus on the attorney-client relationship

1

and do not show that he could amend his complaint to plead cognizable damages. Accordingly, I concur in the disposition.


                                                                              _____MAURO_____, J.