Filed 5/2/13  Hancock v. County of Plumas CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Plumas)

----

| | |
|---|---|
| KAYE HANCOCK, | C071084 |
| Plaintiff and Appellant, | (Super. Ct. No. CV09-00255) |
| v. | |
| COUNTY OF PLUMAS et al., | |
| Defendants and Respondents. | |

According to the trial court's register of actions, plaintiff Kaye Hancock initiated this action on October 5, 2009, with a complaint that is not of record.  In the April 2010 pleading at issue (the second amended complaint), plaintiff included seven counts[1] naming defendant County of Plumas (the County) either singly or together with the

---

[1] The pleading engages in the common loose practice of calling these *causes of action* without regard to whether each one actually constitutes a separate invasion of a separate primary right, as opposed to *counts* that state alternative theories of liability.  (*Cullen v. Corwin* (2012) 206 Cal.App.4th 1074, 1076, fn. 1.)

individual defendants Kelly Stane (now Kelly Murphy), a county employee who oversaw worker compensation issues; Kathleen Williams, the County's Clerk-Recorder; and Melinda Rother, the Assistant Clerk-Recorder.[2]  The seven counts assert theories of disability, age, and sex discrimination in violation of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.); harassment based on plaintiff's handicap in violation of the FEHA; a failure to prevent the harassment in violation of the FEHA; retaliation against plaintiff in violation of the FEHA for reporting the harassment; and the unauthorized disclosure of confidential medical records in violation of the Confidentiality of Medical Information Act (Civ. Code, § 56).

The trial court granted defendants' motion for summary judgment, finding that plaintiff had failed to produce necessary evidence either to support her theories or refute the affirmative defenses of defendants.  It accordingly entered judgment for defendants. Plaintiff filed a timely notice of appeal in pro se.

In her "Statement of the Case," plaintiff identifies only the trial court's rulings in connection with the motion for summary judgment as the focus of her appeal, and (with one exception) does not provide any argument in the remainder of her brief about any of the trial court's other rulings in this matter.  We thus deem any other issues abandoned. (9 Witkin, Cal. Procedure (5th 3d. 2008) Appeal, § 701, p. 769.)  We shall affirm the judgment.

## PREFACE

A judgment is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  As a result, it is an appellant's fundamental burden to overcome this presumption with an affirmative demonstration of error; an appellant must accordingly provide a

---

[2]  An eighth count (violation of Lab. Code, § 1102.5) was subject to a demurrer, which the trial court sustained without leave to amend in July 2010.

2

sufficient record to support claims of error.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)  Otherwise, the claim of error is forfeited.

In addition, an appellant must adequately develop arguments (with supporting authority) in connection with any claim of error raised on appeal; failure to do so forfeits a claim of error (*Imagistics Internat., Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 591, fn. 8, 593 (*Imagistics Internat.*); *Craddock v. Kmart Corp.* (2001) 89 Cal.App.4th 1300, 1307; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 [issues "do not have a life of their own," and if not raised or supported by argument or authority "we consider the issues waived"]) because it is not appropriate for a court to originate arguments on behalf of an appellant.  As part of this duty, an appellant has the obligation to explain the perceived error in a trial court's reasoning (*Imagistics Internat.*, *supra*, 150 Cal.App.4th at p. 588), because even where we exercise de novo review the trial court is not a " 'potted plant' " to be disregarded  (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230).

Further, in order to allow an appellate court to evaluate a brief properly without taxing scarce judicial resources (whether in issue-spotting or responding to petitions for rehearing that assert overlooked issues), an appellant must organize the argument under headings that clearly identify the issue raised in each section, forfeiting " 'lurking' " arguments that do not have any logical connection with the heading.  (*Imagistics Internat.*, *supra*, 150 Cal.App.4th at p. 593, fn. 10; *Smith v. City of Napa* (2004) 120 Cal.App.4th 194, 202.)  There must also be adequate citations to the record of the evidence supporting a claim of error, or we will deem it to be forfeited.  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522)

These standards are not relaxed in the context of an appellant who chooses to appear in pro se. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) It would otherwise be unfair to the particular opponent, and to the demands of other litigants in this court to our timely attention to their claims.

We thus note that plaintiff initially failed to designate a record adequate for us to review her claims of error regarding the ruling on the motion for summary judgment (omitting, e.g., the operative pleading, most of the points and authorities and supporting evidence, and the trial court's ruling on the motion). Defendants, however, cured this defect in their counterdesignation of the record. Plaintiff also filed an opening brief that either intentionally or inadvertently elided a section, because a widowed heading at the bottom of page one ("Statement of Appealability") is followed with a mid-paragraph leap into the stream of her first contention, omitting *any* statement of the underlying facts. (This first section of her argument presumably lacked a heading identifying the claim of error, because the other two sections lack such a heading.) Plaintiff otherwise failed to comply for the most part in her brief with any of the appellant's duties we summarized above.

Given this manner in which plaintiff has presented her issues to us, we do not have any duty to give plenary consideration to her claims of error. We accordingly circumscribe our analysis.

## FACTUAL AND PROCEDURAL BACKGROUND

*Standard of Review*

Under the historic paradigm for our de novo review of a motion for summary judgment, we would first identify the material issues framed in the pleadings. We then ordinarily determine whether a defendant's evidence establishes prima facie entitlement to judgment in the defendant's favor on these issues, after which we consider whether the opponent's evidence creates a factual conflict with respect to any of them. (*County of*

4

*Sacramento v. Superior Court* (2012) 209 Cal.App.4th 776, 778-779.) However, in the present case, we can omit these latter two steps because plaintiff's only argument directly relating to the ruling on the motion involves a question of law, and she otherwise does not contend the trial court erred in failing to identify any dispute about material facts. (*Id.* at p. 779.)

## *Pleadings*

Plaintiff started working for the County in July 2001 and eventually attained the position of Records Management Technician II. She went on an extended medical leave in mid-2004 as the result of a poisonous spider bite. Though she was preparing to return to work, the County fired her at the end of August 2005. She prevailed in a grievance over this action in late 2005, and returned to full-time work in 2006. After her return to work, defendant Williams "and others" harassed her in actions that included an October 2006 negative performance evaluation and change in office location.

Plaintiff's employment "progressed" until a fall at work in July 2008, when she tripped on a pencil. She underwent many months of medical care, but was able to return to work while undergoing treatment. She continued to experience unspecified adverse employment actions "culminating" in an October 2008 meeting, where the individual defendants were sitting in a room with "numerous medical records" that the County had received from plaintiff's physician and made clear to plaintiff that they had reviewed the confidential medical information in the records.

In March 2009, plaintiff admitted herself into an unspecified recovery program. After her return to work in June 2009, the County gave her a 30-day written layoff notice on September 15, 2009. As earlier noted, this action commenced on October 5, 2009. Plaintiff alleged that she had exhausted her administrative remedies under the FEHA, and either had complied (or was excused from complying) with the Government Claims Act (Gov. Code, § 810 et seq.).

5

The pleading alleged that there was a course of discrimination against her based on her ongoing medical disabilities, but specified only the 2009 layoff. With respect to age and sex discrimination, the pleading averred only that plaintiff was female and over 40. In connection with the harassment based on her physical disability, the pleading identified the 2005 termination, the October 2006 relocation of her work area and negative performance evaluation, and the October 2008 meeting where her medical records were present. Plaintiff asserted the County had violated its duty under the FEHA to prevent harassment because it did not take any action in response to her complaints, save to lay her off. Alternately, plaintiff asserted the County had retaliated against her in violation of the FEHA for complaining on "several" unspecified occasions about differential treatment; the complaints included her responses to performance evaluations and grievance procedures, and "disclosing to Gayla Trumbo" (a party not otherwise identified in the pleadings, but identified in the motion for summary judgment as the head of the County's personnel department) "the numerous violations and [the] unlawful conduct which occurred in October 2008." The pleadings listed only the change in her work area, negative performance evaluation*s*, an unspecified failure to promote her, and the "use" (in some unindicated manner) of her confidential medical information as the incidents of differential treatment about which she had made complaints.[3] The pleading also asserted the events at the October 2008 meeting were a violation of Civil Code section 56 et seq., because defendants disclosed and disseminated her confidential medical records.

Plaintiff does not provide any analysis of the elements of her FEHA or breach of medical confidentiality causes of action, and her sole substantive argument does not

---

[3] It also included her layoff in this list, but logically the County could not have retaliated against her after that point for complaining about the layoff.

6

require us to engage in this process. We thus proceed to the facts presented to the trial court.

*Evidence*

Again, plaintiff does not argue that the trial court erred in failing to identify any material issue of triable fact. We therefore rely on the parties' separate statements of undisputed facts, without delving into the evidentiary underpinnings or reiterating any arguments about them.

In December 2002, plaintiff unsuccessfully applied for the position of Assistant Clerk-Recorder. In March 2003, she unsuccessfully applied for the position of Election Specialist. (These two occasions were the basis for the allegation above of a failure to promote).

When the County fired plaintiff in 2005, it asserted she had failed to provide timely medical excuses for her handicap leave, and it was also unable to accommodate any modifications in her job duties for her ongoing handicap. Plaintiff filed a grievance about her dismissal, but did not assert it had any relation to handicap discrimination. However, she spoke with the DFEH about her perceived handicap discrimination, and she also testified to this effect at the arbitration hearing on her grievance over her dismissal. The County reinstated her in 2006 after plaintiff prevailed in the arbitration.

In October 2006, the County changed plaintiff's job site and gave her a negative performance evaluation. Her response to the evaluation did not assert any claim of handicap discrimination.

Defendant Stane initiated a meeting with plaintiff in October 2008 (at which the other individual defendants were present) in order to have plaintiff review information in her worker compensation file from plaintiff's doctor. Defendant Stane had received information from plaintiff's doctor about plaintiff's prescription medications, which was

7

unrelated to plaintiff's pending worker compensation claim. Defendant Stane wanted to notify plaintiff about her doctor's error, and let her know this information would be destroyed. Plaintiff thought the three defendants smirked at her when she walked in. Defendant Stane had the file in her lap, and handed it to plaintiff to review. Plaintiff notified Trumbo about the meeting, without providing any particulars, and stated she would be taking appropriate action through other avenues. Plaintiff never told Trumbo that she had any issues about handicap discrimination or harassment. Although plaintiff speculated that defendant Stane had shared the contents of the medical records with the other individual defendants present at the meeting, or that the medical information had also been shared with three other people, all the individuals other than defendant Stane denied any knowledge of the contents, and plaintiff could not otherwise corroborate her speculation to the contrary.

Plaintiff received a negative performance evaluation in July 2009. Her response did not raise any issue of handicap discrimination.

In August 2009, the County's chief budget official wrote a memo to the County's Board of Supervisors that identified a budgetary shortfall, and recommended eliminating all three positions in the records management department (along with two other county positions). The Board considered these recommendations at its open session, where defendant Williams asked that at least one position be preserved to allow for maintenance of the software system and accessing archived documents. On September 15, 2009, the County enacted a resolution eliminating the two existing Records Management Technician positions (and the two other county positions), citing the budget shortfall; it kept the position of Records Management Coordinator, which was the most senior. Neither the memo nor the resolution identified the affected incumbent employees by name.

8

The County gave plaintiff a 30-day notice of layoff on the date of the resolution. At the same time, plaintiff received a favorable evaluation with a recommendation for a merit increase.

Plaintiff filed a tort claim against the County on September 28, 2009. Plaintiff filed an administrative charge with the Department of Fair Employment and Housing (DFEH) on October 4, 2009, which identified only the October 2008 meeting about the medical records, a withholding of unspecified salary increases, and the elimination of plaintiff's job position as the bases for her claim. She designated theories of discrimination on the basis of age and handicap, retaliation, failure to prevent discrimination or retaliation, and a breach of medical record confidentiality. She did not mention sex discrimination. The DFEH issued an immediate right-to-sue letter.

In response to discovery requests, defendants established that plaintiff's claim of *handicap discrimination* was based on her 2005 termination, the October 2006 negative performance review and change in job site, the October 2008 meeting, and her 2009 layoff. Her claim of *harassment* was based solely on the October 2008 meeting. The sole bases for plaintiff's claims of *age* and *sex discrimination* stemmed from the decision to lay off plaintiff, a woman over the age of 40. However, all three employees in her department were women over the age of 40, and the only employee not subject to layoff was 13 years older than plaintiff. The actions for which she claimed defendants *retaliated* against her were her grievance of the 2005 dismissal, the response to the October 2006 negative performance evaluation, complaints to her union representative (which did not mention discrimination or harassment), complaints to Trumbo about the October 2008 meeting (which also did not mention discrimination or harassment), an attempted grievance of the negative July 2009 performance evaluation, the September 2009 tort claim, and the October 2009 DFEH complaint.

### *Ruling*

The trial court concluded plaintiff's claim of handicap discrimination could not include anything other than the October 2008 meeting and her layoff, because she had not included the remainder of the actions in her DFEH complaint and therefore she had not exhausted her administrative remedies as to them. The October 2008 meeting was not any sort of adverse action, because it did not affect any of the terms and conditions of her employment. As for the layoff, the County presented evidence of a legitimate business reason and plaintiff had failed to produce any evidence from which an inference of pretext could be drawn.[4] The claim of age discrimination foundered on the absence of any evidence that the County had treated younger employees in a more favorable manner, and the uncontradicted legitimate business reason for the layoffs. The claim of sex discrimination was barred for failure to exhaust her administrative remedies (because she did not include this theory in her DFEH complaint) and, again, because the County had an uncontradicted legitimate business reason for the layoff.

In connection with the claim of harassment on the basis of handicap, the trial court concluded that the statute of limitations barred the inclusion of any acts that antedated plaintiff's DFEH complaint by more than one year, which excluded consideration of any conduct before the October 2008 meeting. The continuing violation exception did not apply, because the acts overall were infrequent and dissimilar, and each act had a degree of finality of its own (the court citing *Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798 (*Richards*)). The October 2008 meeting, of itself, was insufficiently severe or pervasive enough to constitute an actionable harassment. As a result, the County could not be liable for failing to prevent harassment that did not occur.

---

[4] In addition, the court found the County was also entitled to legislative immunity from liability for discrimination or harassment in enacting the layoff resolution. We do not express any view on the merits of this aspect of the ruling.

10

Plaintiff's claim of retaliation for activity protected under the FEHA was limited to her filing the tort claim against the County and the complaint with the DFEH, because none of her other "reports" expressly specified any protected basis under the FEHA. The tort claim and the DFEH complaint succeeded any adverse action on the part of the County, and thus could not be the basis of a claim for retaliation. The trial court also found that plaintiff had failed to exhaust administrative remedies for conduct antedating October 2008, and the statute of limitations precluded any consideration of it as well.

Finally, with respect to the claim of a breach of confidentiality, the trial court held that defendant Stane was entitled to consider plaintiff's confidential medical information in connection with her processing of plaintiff's worker compensation claim. Plaintiff had otherwise failed to establish that anyone else was ever privy to the records.

## DISCUSSION

### I.  Continuing Violation Doctrine

In the first argument, which as noted commences in midstream, plaintiff asserts her "view" that defendants' "2008 violation" of the law (presumably the meeting that involved her medical records) "was directly attributable to" the 2005 dismissal that she now characterizes as disability-related, based on her undisputed assertion that she had "contacted" DFEH and testified to this effect in connection with the arbitration of her previous dismissal. She then asserts without any analysis that the doctrine of continuing violation allows her to sue in the present action for the previous dismissal, because there were *unspecified* "ongoing, sustained, disputed issues of discrimination and retaliation."

This argument is limited to an exception to the statute of limitations that it does not analyze in light of the facts of the present case, and fails to identify any evidence of incidents other than the ones to which we have previously referred. We may thus confine ourselves to observing that each of the earlier specified incidents acquired a sufficient

11

degree of permanence to preclude application of the theory of a continuous violation. (*Richards*, *supra*, 26 Cal.4th at p. 823.)

The argument also entirely disregards the finding that the October 2008 meeting was not itself an adverse action (nor was it severe enough to constitute harassment), or the finding that plaintiff had failed to produce any evidence to rebut the County's asserted legitimate business reason for the layoff. We therefore reject plaintiff's claim of error for failure to identify prejudicial error in the ruling of the trial court regarding her theories of discrimination, harassment, and retaliation.

## II. Denial of Continuance to Conduct Discovery

Under "Second Cause of Appealability," plaintiff asserts the trial court denied "vital additional discovery time" to conduct various depositions (the exact subjects of which we do not need to identify). The sole factual basis plaintiff provides for this claim are the court's minutes at the unreported hearing on the motion, in which her trial counsel requested leave to file "supplemental pleadings" that are not part of the appellate record. (Her attorney had also requested at the conclusion of the opposition brief that the trial court grant leave to conduct additional discovery *if* the court found it required additional evidence to rule on any issue.) In this vein, plaintiff asserts that defendants had been "flouting" discovery requests in violation of various laws, which led her to file a criminal complaint with the district attorney in April 2012 (a fact for which she does not supply any citation to the appellate record, and which we accordingly disregard). Out of the blue, she then cites an inapposite case only by name and docket number (which also does not appear in her table of authorities) in which (according to plaintiff's digest of it) a plaintiff *produced* evidence of pretext sufficient to establish a triable issue of fact on a claim of retaliation.

Plaintiff has failed to identify the factual basis for her claim of error regarding the supposed denial of a continuance to conduct additional discovery (including any finding

12

that defendants had flouted discovery requests, any actual request for further discovery, any necessary affidavits in support, or any actual denial of further discovery), or provide any analysis of the factors relevant to the analysis of whether this supposed ruling was an abuse of discretion.  (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254-259; *FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 75-76.)  We therefore decline to consider this claim of error further under the principles we have set out in the Preface.

Plaintiff's tangential citation to *Dawson v. Entek Internat.* (9th Cir. 2011) 630 F.3d 928 is a lurking argument unrelated to the main theme of her claim of error, and ignores the finding that *she* did not produce any evidence to rebut the County's claim of a legitimate business reason for the layoff (which renders the case inapposite).  As a result, we do not need to respond to her citation of the case.

### III.  Failure to Exhaust Administrative Remedies

Finally, under "Closing Argument," plaintiff contends the trial court erred in finding that she had not exhausted her administrative remedies regarding the 2005 dismissal, the 2006 negative performance evaluation, and the 2006 change of office, citing only the *entirety* of her opposition to the motion without further specification of the *particular* evidence that *she had* initiated an administrative action in connection with these events.[5]  At the end of the section, plaintiff adds a claim that the trial judge erred in failing to respond to requests for alternative dispute resolution or a settlement conference (for which she yet again does not provide any citation to the record in support).

------

[5]  In this regard, plaintiff proceeds on an extended tangent devoted to the irrelevant question of whether she had engaged in the protected activity of *reporting* a purported DFEH violation *to her employer or others*, suggesting without authority that *they* were obligated to pursue a claim with the DFEH as a result.  We reject the suggestion that prospective FEHA defendants have any such duty to report their own conduct because this novel proposition lacks any adequate analysis or authority in support.

13

Again, plaintiff has failed to identify evidence adequately in support of her claim that she exhausted her administrative FEHA remedies in connection with these other incidents, even if such evidence does exist in the record. Plaintiff has further failed to provide adequate analysis of the finding that the statute of limitations bars any liability for these other incidents in any event because the theory of continuous violation does not apply. We therefore decline to give further consideration to this claim of error.

Her claim that the trial court erred in failing to honor requests for alternative dispute resolution or a settlement conference is entirely unrelated to the main thesis of her claim of error, and lacks proper identification of any evidence in the record to support it. We therefore decline to give it any further consideration.

**DISPOSITION**

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                              BUTZ            , J.



We concur:



          HULL          , Acting P. J.



          HOCH          , J.


14