Filed 1/6/16  Rivage Hotel v. OneWest Bank CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| RIVAGE HOTEL, LLC, | C077844 |
| Cross-complainant and Appellant, | (Super. Ct. No. 34-2013-00147912-CU-BC-GDS) |
| v. | |
| ONEWEST BANK N.A. et al., | |
| Cross-defendants and Respondents. | |

Cross-complainant Rivage Hotel, LLC (Rivage), appeals from a judgment of dismissal after the trial court sustained the demurrer of cross-defendants OneWest Bank, N.A.,[1] and its subsidiary CRE LJ 4800 Riverside, LLC (collectively OneWest).  We shall dismiss the appeal.

---

[1]  The OneWest Bank, N.A., entity has since changed its name, but continues under this designation on appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

Preferred Hotel Group, Inc., filed an action against Rivage and other entities for breach of a contract to provide marketing and reservation services for a hotel that Rivage formerly operated. The complaint also included common counts for money had and received, an open book account, and an account stated.

Rivage then filed a cross-complaint against OneWest, the successor in interest to Rivage's original lender, which had foreclosed on Rivage's property and sold it (through its subsidiary) to a third party (Urban Commons Riverside Blvd., LLC). The cross-complaint alleged 12 "causes of action" (including two of them numbered as sixth); we do not need to resolve whether these are true causes of action or merely counts. (See *Cullen v. Corwin* (2012) 206 Cal.App.4th 1074, 1076, fn. 1.) These included claims for indemnity; breach of contracts to lend and refinance; breach of the covenant of good faith and fair dealing; reformation; "Tortious Economic Duress-Recession"; wrongful foreclosure; three types of quiet title; an accounting; and declaratory relief (for a declaration regarding payments to OneWest from a federal bank agency).

OneWest demurred to each of the causes of action on various grounds, and also generally demurred to all causes of action except the first (indemnity) on the ground of misjoinder because they did not arise out of the transactions or occurrences involved in the contract or common counts in the underlying complaint. In a lengthy order, the trial court sustained all of the grounds for the demurrer.[2]

Rivage's opening brief on appeal contested the sustaining of the demurrer only as to the second (breach of contract to lend), sixth (tortious economic duress), seventh (wrongful foreclosure), eleventh (accounting), and twelfth (declaratory relief) causes of

---

[2] The trial court's tentative ruling on the demurrer became the court's ruling when there was no request for oral argument.

action (as well as the trial court's failure to grant leave to amend). We deem the appeal as to the remaining causes of action to be abandoned. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8; *Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177.) In its opening brief Rivage also did not address the ground of misjoinder.

In connection with its respondents' brief, OneWest requested judicial notice of the California Secretary of State's suspension of Rivage's corporate status as of June 23, 2015, some three weeks after the filing of its opening brief. We grant the motion. (Evid. Code, §§ 452, subd. (c), 459.) OneWest argues we should consequently dismiss the appeal.

In its reply brief filed on October 7, 2015, Rivage states only that its suspended corporate status "is simply not before this Court and in any case [Rivage] will correct this issue and request this Court to take judicial notice of its reviver as soon as it is obtained." Rivage also makes a less than cogent argument for the first time in its reply brief why misjoinder was not a proper basis for the demurrer, which forfeits any duty on the part of this court to respond to it. (*Sourcecorp*, *Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1061-1062, fn. 7.) We take judicial notice sua sponte that even as of the date of filing this opinion, the Secretary of State presently lists Rivage as being suspended pursuant to action of the Franchise Tax Board.

## DISCUSSION

A suspended corporation cannot prosecute an appeal from an adverse judgment. (*Waltrip v. Kimberlin* (2008) 164 Cal.App.4th 517, 522, fn. 2.) To date, Rivage has not remedied its suspended status. We therefore will dismiss the appeal with the observation that Rivage has abandoned its cause of action for indemnity and has failed to address the ground of misjoinder as to the remaining causes of action, thereby forfeiting its challenge to the ruling sustaining the demurrer.

## DISPOSITION

OneWest's motion for judicial notice is granted.  The appeal is dismissed.

OneWest shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                            BUTZ             , Acting P. J.


We concur:


MAURO        , J.


HOCH         , J.

4